FILED
**United States Court of Appeals**
**Tenth Circuit**

**March 9, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

_____

MARYANN WATKINS,  trustee of
Madeleine Watkins and Marc Watkins
Irrevocable Living Trust,

      Plaintiff - Appellant,

v.

LOS ANGELES COUNTY
CALIFORNIA; KATHRYN BARGER,
individually and in her official capacity as
Los Angeles County Fifth District
Supervisor; RODRIGO CASTRO-SILVA,
individually and in his official capacity as
Los Angeles County California Counsel;
MARY C WICKHAM, individually and in
her official capacity as Los Angeles
County California Counsel; NICK
DUVALLY, individually and in his official
capacity as Los Angeles California County
Fire; JIM BAILEY, individually and in his
official capacity as Los Angeles County
California Senior Engineer Fire; ROSA
LINDA CRUZ, individually and in her
official capacity as Los Angeles California
Counsel,

      Defendants - Appellees.

No. 21-8063
(D.C. No. 0:20-CV-00246-SWS)
(D. Wyo.)

_____

### ORDER AND JUDGMENT[*]

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral

_____

Before **BACHARACH**, **BRISCOE**, and **ROSSMAN**, Circuit Judges.

_____

Plaintiff Maryann Watkins, as trustee on behalf of the Madeleine Watkins and Marc Watkins Irrevocable Living Trust ("the Trust"), sued Los Angeles County and several Los Angeles officials (collectively, "Los Angeles") for alleged civil rights violations under 42 U.S.C. § 1983. She filed the lawsuit in the District of Wyoming, but the district court determined there was no factual or legal basis for venue in Wyoming. The district court declined to exercise its discretion to transfer the action to another venue under 28 U.S.C. § 1406(a), and dismissed the case without prejudice. Ms. Watkins has appealed. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.  Background

The Trust owns property in Los Angeles County, California. Ms. Watkins alleged that Los Angeles violated the Trust's civil rights when it denied the necessary permits for a manufactured home to be placed on the property. She filed the lawsuit in Wyoming federal district court because, she says, the Trust was created under Wyoming law. Ms. Watkins sued in her capacity as a trustee of the Trust, but she is not an attorney.

_____

estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After the defendants filed answers, the district court issued an order dismissing Ms. Watkins's claims without prejudice. The district court held as a matter of law that the lawsuit was brought in an improper venue under 28 U.S.C. § 1391(b). The district court declined to exercise its discretion to transfer the action under 28 U.S.C. § 1406(a) because: (1) as a non-attorney, Ms. Watkins is not authorized to represent the Trust and therefore transferring the case would not serve the interests of justice; and (2) there appeared to be no statute of limitations that would prevent refiling the case in the proper venue.[1] Ms. Watkins filed a motion for reconsideration, which the district court denied. This appeal followed.

## II. Analysis

Ms. Watkins argues on appeal that the district court erred in declining to transfer this case to the Central District of California. Section 1406(a) directs that the district court "shall dismiss" a case filed in an inappropriate venue unless it finds the interests of justice would be served by a transfer. Where, as here, the district court finds a transfer would not serve the interests of justice, we review its conclusion for an abuse of discretion. *See Ballesteros v. Ashcroft*, 452 F.3d 1153, 1160 (10th Cir. 2006) ("In civil cases, the question of whether . . . to dismiss or transfer an action filed in an improper venue is within the district court's sound discretion and reviewed for abuse of discretion only." (internal quotation marks omitted)).

---

[1] Ms. Watkins has not challenged this second aspect of the district court's decision.

3

We find no abuse of discretion in this case. The Supreme Court has held that artificial entities may be represented in court only through licensed counsel. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993). The district court therefore correctly noted that Ms. Watkins, who is not an attorney, cannot represent the Trust. Accordingly, the district court was well within its discretion to hold it was not in the interests of justice to transfer the case to California because a transfer would allow Ms. Watkins to persist in her efforts to represent the Trust.

Ms. Watkins argues the district court nonetheless should have transferred the case. First, she claims she submitted to the district court a proposed amended complaint asserting claims personal to her rather than on behalf of the Trust. However, we find no indication in the record that Ms. Watkins ever submitted any such amended complaint to the district court. Although Ms. Watkins has attached a proposed amended complaint to her Opening Brief, we decline to consider it because "the only proper function of a court of appeals is to review the decision below on the basis of the record that was made before the district court." *Allen v. Minnstar, Inc.*, 8 F.3d 1470, 1474 (10th Cir. 1993) (internal quotation marks omitted).

Second, Ms. Watkins argues the district court should have exercised its discretion to transfer the case because of the costs involved in filing a new lawsuit in the Central District of California, including filing fees and the expense of serving summons. Time and expense are appropriate considerations in assessing whether the interests of justice would be served by a transfer under 28 U.S.C. § 1406(a). *See*

4

*generally* 14D Charles Alan Wright et al., *Federal Practice & Procedure* § 3827 n.35 (2013). We note, however, that the cost of filing a new civil matter in the Central District of California is $350, while the filing fee for an appeal in this circuit is $505.[2] And Defendants note that Ms. Watkins has never contacted Defendants' counsel to discuss service of summons. In any event, cost considerations in the present circumstances do not outweigh the fact that transferring the case would have perpetuated Ms. Watkins's unauthorized practice of law.

### III. Conclusion

For the foregoing reasons, we affirm the district court's order dismissing the action without prejudice and declining to transfer this case to the Central District of California.

Entered for the Court

Veronica S. Rossman
Circuit Judge

---

[2] *Compare* https://www.cacd.uscourts.gov/sites/default/files/forms/G-072/G-72.pdf *with* https://www.ca10.uscourts.gov/reference/filing-fees.